IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. JFM-05-0358 |
| | * | |
| THOMAS L. BROMWELL, SR., ET AL. | * | |
| | ***** | |

MEMORANDUM

William C. Bond has filed a pro se motion to intervene and unseal certain documents. The motion will be denied.

The motion is procedurally defective. In seeking intervention, Bond relies upon Fed. R. Civ. P. 24. That rule has no application in this case, which is a criminal case. Moreover, this case has already been closed.

Moreover, even if Bond's attempted intervention were proper, he would not be entitled to have any documents unsealed. On March 16, 2007, after carefully considering all relevant factors, this court granted in part and denied in part a Motion For Access To Certain Portions Of The Record filed by the A.S. Abell Company. The Abell Company did not appeal this court's ruling, and plaintiff did not seek to intervene at that time.

The only changed circumstance since the entry of this court's March 16, 2007 order is that the government, in responding to Bond's motion, has indicated that it does not object to the unsealing of certain documents. Apparently, the reason for the government's change in position is that the documents in question alluded to matters that the government previously asserted were or would be under grand jury investigation. Apparently, that investigation has now been concluded without any charges being returned.

While the government may no longer be concerned about the unsealing of certain

documents, this court is. The documents refer to allegations made by a convicted felon that certain third parties committed criminal conduct.[1] As just stated, the government apparently investigated the allegations and it was unsubstantiated (or at least sufficiently unsubstantiated that the government has chosen to bring no criminal charges in connection with it). Unless otherwise ordered to do so, this court will not permit itself to be a medium through which unsubstantiated allegations of wrongdoing made by a convicted felon would be publicized, causing irreparable damage to the reputations of third parties who are the subject of the allegations.

      A separate order denying Bond's motion is being entered herewith.

Date:   July 16, 2009          /s/_____
                                J. Frederick Motz
                                United States District Judge

---

[1] Bond apparently believes that one of the alleged wrongdoers was Gerard Martin, Esq., a lawyer with whom he has a long standing feud. If Bond does so believe, he is incorrect because the documents in question contain no allegation that Martin was guilty of any wrongdoing.

2